United States District Court
Southern District of Texas

**ENTERED**

August 25, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANNETTE CARLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-03396 |
| | § | |
| SAALWAECHTER INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are (1) Defendant County of Montgomery's (the "County") Motion to Dismiss (Doc. #7) and Plaintiff Nannette Carley's ("Plaintiff") Response (Doc. #21); (2) Defendants Saaelwaechter, Inc. and David Saaelwaechter's (the "Saaelwaechter Defendants") Motion to Dismiss (Doc. #10) and Plaintiff's Response (Doc. #22); (3) Defendant J. Randal Bays' Motion to Dismiss (Doc. #11) and Plaintiff's Response (Doc. #20); (4) Defendant Tomball Independent School District's ("TISD") Motion to Dismiss (Doc. #12) and Plaintiff's Response (Doc. #23); and (5) Plaintiff's Motion to Accept Notice of Other Parties as Amended Complaint (Doc. #47).[1] Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court grants each of the Motions to Dismiss and denies Plaintiff's Motion to Accept Notice of Other Parties as Amended Complaint.[2]

---

[1] The Court notes that on December 16, 2024, Plaintiff moved for an extension of time to respond to the various motions to dismiss (the "Motion for Extension of Time"). Doc. #17. Plaintiff then filed her Response briefs on December 31, 2024. Doc. #20; Doc. #21; Doc. #22; Doc. #23. The Court will grant Plaintiff an extension of time and deem the various Response briefs timely filed.

[2] Also before the Court is Plaintiff's Motion to Reset, asking the Court to reset the initial conference that was scheduled on December 6, 2024. Doc. #6. On December 3, 2024, the initial conference was reset to February 7, 2025. Doc. #16. As such, Plaintiff's Motion to Reset is moot.

## I.    Background

### a.    Factual Background

This case centers on the foreclosure of Plaintiff's home (the "Property"), which arose from tax collection efforts by, among others, Defendant TISD. Doc. #1; Doc. #5 at 5. Specifically, Plaintiff asserts Judge Kristin Bays of the 284th Judicial District Court of Mongomery County, Texas ordered the Property be sold in a tax foreclosure sale set for December 3, 2019. Doc. #1 at 7. At the foreclosure sale, the Property was sold to Defendant Saaelwaechter, Inc. *Id.* But Plaintiff alleges she did not learn of the sale until April 2020 because she was "unconscious" at the time the sale was ordered. *Id.* She was then forced to vacate on June 2, 2020. *Id.*

Plaintiff alleges she lawfully redeemed the Property on November 4, 2020, and on the same day attempted to enter the home. *Id.* at 9. Defendant David Saaelwaechter was present and denied Plaintiff entry. *Id.* Plaintiff then called the police. *Id.* When officers arrived, they too denied Plaintiff entry to the Property. *Id.* Plaintiff then filed a forcible entry and detainer action, which was denied on December 28, 2020. *Id.* Plaintiff eventually was able to repossess the Property on January 19, 2021, at which time she discovered that the inside had been "destroyed." *Id.* On February 2, 2021, Plaintiff moved back into the house after performing renovations. *Id.*

Saaelwaechter, Inc. then sued Plaintiff in the 457th Judicial District Court of Montgomery County, Texas to contest Plaintiff's redemption. *Id.* Plaintiff countersued, seeking compensation for the damages to the Property. *Id.* Saaelwaechter, Inc. sought a temporary injunction, and Judge Vincenzo Santini of the 457th Judicial District Court of Montgomery County ordered Plaintiff to vacate the Property on March 11, 2021. *Id.* Thus, on March 19, 2021, Plaintiff vacated the home. *Id.* Judge Vincenzo then scheduled a hearing for May 28, 2021. *Id.* at 10. However, Plaintiff believed that the hearing was improperly noticed and that the state court was corrupt, so she filed

a "notice of non-appearance." *Id.* at 10–11. At the May 28, 2021 hearing, which Plaintiff failed to attend, Judge Santini issued a writ of possession for Saaelwaechter, Inc. *Id.* at 11.

As the case before Judge Santini proceeded, Plaintiff filed numerous motions alleging Saaelwaechter, Inc. was committing crimes. *Id.* at 12. On October 21, 2021, counsel for Saaelwaechter, Inc., Defendant J. Randal Bays[3], moved for sanctions against Plaintiff based on her conduct in the state court. *Id.* Judge Santini set the motion for sanctions for a hearing on October 29, 2021, and Plaintiff failed to attend. *Id.* At the hearing, Judge Santini granted the motion for sanctions. *Id.*

On November 10, 2021, Judge Santini issued a final judgment determining, among other things, that Plaintiff had defaulted by not appearing and that Saaelwaechter, Inc. was the rightful owner of the Property. *Id.* Plaintiff appealed Judge Santini's decision, and on January 18, 2024, the Texas Court of Appeals affirmed the judgment. *Id.* at 13. Plaintiff moved for a rehearing, which the appellate court denied. *Id.* Plaintiff then sought review from the Supreme Court of Texas, which was also denied. *Id.* at 14.

### b.    Procedural History

On September 9, 2024, Plaintiff filed her Complaint against the Saalwaechter Defendants, J. Randal Bays, TISD, and the County (collectively, "Defendants"). Doc. #1. Liberally construing the pleadings, it appears Plaintiff asserts claims against Defendants for violations of the Fifth Amendment Takings Clause, Racketeer Influenced and Corrupt Organizations Act ("RICO"), and 18 U.S.C. § 878. *Id.* at 1; *see also* Doc. #5. Plaintiff seeks damages totaling $2.7 million as well as an order that "remove[s] all clouds to the titles of [Plaintiff's] [P]roperty." Doc. #1 at 5.

---

[3] Of note, J. Randal Bays is married to Montgomery County Judge Kristin Bays, who initially ordered the sale of the property at issue. Doc. #1.

3

Defendants have moved to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).  Doc. #7; Doc. #10; Doc. #11; Doc. #12.

## II.    Legal Standards

### 1.    Federal Rule of Civil Procedure 12(b)(1)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case." *Wesolek v. Layton*, 871 F. Supp. 2d 620, 627 (S.D. Tex. 2012) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  "The burden of proof for a [Rule] 12(b)(1) motion to dismiss is on the party asserting jurisdiction, and, at the pleading stage, the plaintiff's burden is to allege a plausible set of facts establishing jurisdiction." *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021) (cleaned up).  Moreover, "all well-pleaded facts are taken as true and all reasonable inferences must be made in the plaintiff's favor." *Id.* at 668–69.  District courts may dismiss a case for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### 2.    Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5)

Rule 12(b)(2) allows for dismissal of an action for lack of personal jurisdiction over a defendant.  FED. R. CIV. P. 12(b)(2).  Rule 12(b)(5) allows a defendant to seek dismissal of the complaint for "insufficient service of process."  FED. R. CIV. P. 12(b)(5).  "District courts 'cannot exercise jurisdiction over a defendant which has not been served properly.'"  *Glencore Ltd. v. Occidental Argentina Expl. & Prod., Inc.*, No. CIV.A. H-11-3070, 2012 WL 591226, at *2 (S.D. Tex. Feb. 22, 2012) (quoting *J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 203

(S.D. Tex. 1996)).  "Actual notice of the claim is insufficient."  *Id.*  "Rather, formal service is required."  *Arumugam v. William Marsh Rice Univ., Amazon.com, Inc.*, No. CV H-13-376, 2014 WL 12599640, at *1 (S.D. Tex. Feb. 6, 2014).  Rule 4(m) requires that a plaintiff serve a defendant within ninety days of filing the complaint, absent a showing of good cause to extend time for service.  FED. R. CIV. P. 4(m).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).  "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."  *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).  "When ruling on a 12(b)(5) motion, the court enjoys broad discretion to dismiss the action without prejudice."  *Thomas v. Grunfos, CBS*, No. 4:18-CV-0557, 2019 WL 1792485, at *1 (S.D. Tex. Feb. 15, 2019), *report and recommendation adopted*, 2019 WL 1789777 (S.D. Tex. Apr. 24, 2019).

### 3.  Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In a Rule 12(b)(6) motion, courts must liberally construe the complaint in favor of the plaintiff and take all well-pleaded facts as true.  *Id.* at 662.  In addition, all reasonable inferences must be drawn in the plaintiff's favor.  *Severance v. Patterson*, 566 F. 3d. 490, 501 (5th Cir. 2009).  A well-pleaded complaint may proceed even if it appears "that a

recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)

### III.     Analysis

The Court first addresses Defendants' jurisdictional arguments under Rules 12(b)(1), 12(b)(2), and 12(b)(5). Then, the Court will evaluate Defendants' arguments regarding dismissal for failure to state a claim under Rule 12(b)(6).

### a.     Dismissal Under Rule 12(b)(1)

All Defendants in this action argue that this case should be dismissed under Rule 12(b)(2) pursuant to the *Rooker–Feldman* doctrine. Doc. #7 at 8–9; Doc. #10 at 6–7; Doc. #11 at 5–6; Doc. #12 at 5–6. "Under a principle known as the *Rooker–Feldman* doctrine, 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Pinto v. Chin Sun Pinto*, No. CIV.A. 6-12-21, 2012 WL 5386950, at *2 (S.D. Tex. Oct. 31, 2012) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "*Rooker–Feldman* prevents state-court litigants 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Hall v. Dixon*, No. CIV A.

6

H 09-2611, 2010 WL 3909515, at *37 (S.D. Tex. Sept. 30, 2010) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

"A plaintiff cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief, if these claims are inextricably intertwined with a state judgment." *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (internal quotations and citations omitted). Nor can litigants circumvent the *Rooker–Feldman* doctrine by filing complaints about a state court action that are casted as civil rights lawsuits. *Id.* "However, *Rooker–Feldman* 'does not prohibit a plaintiff from presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 385 (5th Cir. 2022) (quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)). "If the plaintiff claims damages for injuries caused by the defendants' actions—even those occurring during litigation—rather than injuries arising from a state-court judgment itself, the federal suit is not barred by *Rooker–Feldman*." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 673 (5th Cir. 2015)

Without question, part of the relief requested in Plaintiff's Complaint directly seeks review of or otherwise challenges state court judgments. Specifically, Plaintiff alleges that the various state court judgments—including decisions by the appellate court and Supreme Court of Texas— "cheated" her out of money and title to the Property. *See* Doc. #1 at 4. Plaintiff also explicitly asks the Court remove clouds to title on the Property that have resulted from the state court judgments. To the extent Plaintiff's claims stem from the judgments of the state courts themselves, those claims, including the claims for injunctive relief, are barred under *Rooker–Feldman*. *See Brown v. Anderson*, No. 3:16-CV-0620-D-BK, 2016 WL 6903730, at *1 (N.D. Tex. Oct. 5, 2016),

7

*report and recommendation adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016) (finding the court lacked jurisdiction under *Rooker–Feldman* to the extent the plaintiff alleged "the state court 'erred in granting the dismissal and default' and 'should be reversed'" where the plaintiff claimed "the various lawyers and entities that defeated his state court lawsuit, as well as the state and appellate judges and other court employees, [were] part of a criminal enterprise that has violated [RICO]"); *Shaikh v. Allen City Council*, No. 4:21-CV-953-ALM-KPJ, 2023 WL 2518908, at *7 (E.D. Tex. Feb. 8, 2023*), report and recommendation adopted*, 2023 WL 2503542 (E.D. Tex. Mar. 13, 2023) (noting "the Fifth Circuit has held the *Rooker–Feldman* doctrine bars declaratory and equitable relief for RICO claims when the plaintiff alleges the state court conspired with other defendants in rendering the adverse state court judgment") (collecting cases).

However, Plaintiff has also "alleged various claims for monetary damages that are ultimately independent of the state court judgment," as she alleges that the Defendants conspired to violate her rights, violate RICO, and defraud her. *See Shaikh*, 2023 WL 2518908, at *8 (finding that, to the extent the "Plaintiff alleges his state court opponents violated his rights by misleading the state court or conspiring with the state court," those claims are not barred under *Rooker– Feldman*). "Insofar as Plaintiff requests an award of monetary damages based on Defendants' alleged RICO [and other] violations, the claims are not automatically barred by *Rooker–Feldman*." *See Brown*, 2016 WL 6903730, at *2; *Shaikh*, 2023 WL 2518908, at *8 ("Plaintiff's claims for monetary damages stemming from alleged injuries leading up to the state court judgment are not barred under *Rooker–Feldman*[.]").

Thus, the Court finds that it lacks subject-matter jurisdiction under *Rooker–Feldman* to the extent Plaintiff is seeking review or alteration of any state court judgments, including the decisions by Judge Bays and Judge Santini. As to claims for monetary damages independent of the state

court judgments, the Court will turn to Defendants' arguments under Rules 12(b)(2), 12(b)(5), and 12(b)(6).

### b.    Dismissal Under Rules 12(b)(2) and 12(b)(5)

Only TISD moves for dismissal under Rules 12(b)(2) and 12(b)(5), arguing that this Court lacks personal jurisdiction because Plaintiff failed to effect proper service.  Doc. #12 at 6–7.  As an initial matter, the Court notes that "concurrent motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) are redundant when both stem from alleged insufficient service of process." *Williams v. Air-France-KLM, S.A.*, No. 3:14-CV-1244-B, 2014 WL 3626097, at *2 (N.D. Tex. July 23, 2014).  As such, district courts typically address challenges to service of process under the Rule 12(b)(5) standard.  *See id.* (collecting cases); *Savage v. Detroit Indep. Sch. Dist.*, No. 4:22-CV-00202, 2022 WL 16814962, at *3 (E.D. Tex. Nov. 8, 2022) (evaluating the defendant's motion to dismiss for insufficient service under Rule 12(b)(5) where dismissal was also sought under Rule 12(b)(2)).

Rule 4(j)(2) governs service of process for state and local government entities, and provides that such entities must be served by either (A) "delivering a copy of the summons and of the complaint to its chief executive officer" or (B) "serving a copy of each in the manner prescribed by that state's law."  FED. R. CIV. P. 4(j)(2).  "[T]he use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230 (5th Cir. 2004) (citation omitted).  Moreover, "[u]nder Texas law, citation in a suit against a school district 'may be served on the president of the school board or on the superintendent.'" *Tate v. Dallas Indep. Sch. Dist.*, No. 3:21-CV-0895-B-BH, 2022 WL 272711, at *3 (N.D. Tex. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 270859 (N.D. Tex. Jan. 28, 2022) (quoting TEX. CIV. PRAC. & REM. CODE § 17.024(c)).

Here, Plaintiff attempted service on TISD via certified mail, which is insufficient to effect

9

service under Rule 4(j)(2)(A) because certified mail does not constitute "delivering" under Rule 4. Plaintiff has also failed to demonstrate proper service in accordance with Texas law under Rule 4(j)(2)(B), as the record does not reflect service was directed to TISD's superintendent or the president of the TISD school board. *See* Tex. Civ. Prac. & Rem. Code § 17.024(c); Doc. #12, Ex. 2 at 1–2. Indeed, the only evidence before the Court regarding service to TISD is attached to TISD's Motion to Dismiss, which reflects an unsigned "proof of service" form. Doc. #12, Ex. 2 at 1–2. And, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff has not met that burden. As such, the Court finds that Plaintiff has not shown sufficient service on TISD.

Despite Plaintiffs' failure to properly serve TISD, the Court notes that "dismissal for ineffective service is rare and normally occurs only after a plaintiff has received multiple opportunities to perfect service." *Tate*, 2022 WL 272711, at *4. However, as discussed below, the Court finds that giving additional time for Plaintiff to perfect service would be futile because her claims do not survive Rule 12(b)(6) dismissal. Therefore, the Court will dismiss Plaintiff's claims pursuant to Rule 12(b)(6) and deny the Motion to Dismiss under Rule 12(b)(5). *Hicks v. Dallas Cnty. Cmty. Colleges*, No. 3:17-CV-809-D, 2018 WL 2271174, at *3 (N.D. Tex. Apr. 25, 2018), *report and recommendation adopted*, 2018 WL 2267098 (N.D. Tex. May 17, 2018) ("Based upon the recommended resolution of the 12(b)(6) motion as discussed below, dismissal without prejudice under Rule 12(b)(5) is unnecessary, and Defendant's motion to dismiss for insufficient service should be denied.").

### c.    Dismissal Under Rule 12(b)(6)

All Defendants have moved to dismiss Plaintiff's claims for failure to state a claim under

Rule 12(b)(6). From what the Court can decipher of Plaintiff's Complaint, it appears that she asserts claims under RICO, the Fifth Amendment, and 18 U.S.C. § 878. *See* Doc. #1. The Court addresses each of Plaintiff's claims in turn.

### 1. RICO

As to her RICO claims, Plaintiff asserts that Defendants violated 18 U.S.C. § 1962(a)–(d). Doc. #5. "To state a civil RICO claim under any subsection in 18 U.S.C. § 1962, 'there must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (quoting *Jackson v. Nat'l Ass'n for Advancement of Colored People*, 546 F. App'x 438, 441–42 (5th Cir. 2013)). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. The predicate acts can be either state or federal crimes." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citations omitted).

Here, Plaintiff has failed to plead any predicate criminal acts that demonstrate a "pattern of racketeering activity." At most, Plaintiff's allegations regarding the conduct of Defendants in the various state court proceedings amount to complaints of bad faith litigation activities, which is insufficient to support a RICO claim. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016). The Complaint also appears to make conclusory allegations of mail fraud by David Saaelwaechter and J. Randal Bays, but it contains no specific "factual allegations that would allow the court to draw the reasonable inference that any particular" mailing "is fraudulent." *See Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 691 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014). Because Plaintiff has failed to allege a pattern of racketeering activity, her RICO claims must be dismissed as to all Defendants.

### 2.  Fifth Amendment

Plaintiff asserts that Defendants' actions in the foreclosure proceedings amounted to violations of the Fifth Amendment Takings Clause, which provides that private property shall not be "taken for public use, without just compensation." U.S. CONST. amend. V. "[T]he Takings Clause bars *the State* from taking private property without paying for it." *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 715 (2010). Plaintiff does not plead any plausible allegations that a governmental entity took her property for public use without compensation. Indeed, the allegations in the Complaint regarding the foreclosure of the Property all relate to the Saaelwaechter Defendants, which are non-governmental entities. Thus, Plaintiff's Fifth Amendment claims must also be dismissed.

### 3.  18 U.S.C. § 878

Lastly, Plaintiff cites 18 U.S.C. § 878 in the Complaint, which is a federal criminal statute that concerns threats and extortion against foreign officials, official guests, or internationally protected persons. *See* Doc. #1 at 1. "The United States Supreme Court and the Fifth Circuit have clearly held that private citizens like Plaintiff has no authority to initiate criminal prosecutions and cannot enforce criminal statutes through civil actions." *Menefee v. Nike Inc.*, No. CIV.A. 4:14-3715, 2015 WL 540455, at *3 (S.D. Tex. Feb. 10, 2015) (collecting cases). As such, Plaintiff cannot bring a claim under 18 U.S.C. § 878.

### d.  Leave to Amend

Plaintiff has not explicitly sought leave to amend her pleadings in this action. But she has filed a generic "Brief" (Doc. #43) and "Motion to Accept Notice of Other Parties as Amended Complaint" (Doc. #47). Both of these filings are unclear, but affording them a liberal construction, it appears that Plaintiff seeks to add more defendants to this action in order to assert additional

predicate criminal acts that may support her RICO claims. Given that Plaintiff is a pro se litigant, the Court liberally construes these filings as a request for leave to file an amended complaint under Rule 15.

Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, "[a] district court may deny a motion to amend if it concludes that the proposed amendment would be futile." *Sarmiento v. Armour*, No. CV C-05-008, 2006 WL 8444865, at *2 (S.D. Tex. Jan. 11, 2006). Here, Plaintiff's filings contain a deluge of vague, conclusory, and frivolous allegations against numerous state court judges and other officials involved in the various foreclosure proceedings, arguing that their participation constituted predicate criminal acts that could support a RICO claim. *See* Doc. #43; Doc. #47. But none of the proposed amendments are sufficient to support a RICO claim under Rule 12(b)(6) or otherwise overcome the deficiencies identified by the Court above. Thus, the Court finds Plaintiff should not be granted leave to amend because any amendment would be futile.

## IV.   Conclusion

In conclusion, Plaintiff's Motion for Extension of Time (Doc. #17) is hereby GRANTED. Plaintiff's Motion to Reset (Doc. #6) is DENIED as MOOT. Moreover, the Court hereby GRANTS the Motions to Dismiss filed by the County (Doc. #7), the Saaelwaechter Defendants (Doc. #10), J. Randal Bays (Doc. #11), and TISD (Doc. #12). Specifically, the Court finds that it lacks subject-matter jurisdiction under *Rooker–Feldman* to the extent Plaintiff is seeking injunctive or declaratory relief, and these claims are therefore DISMISSED WITHOUT

PREJUDICE under Rule 12(b)(1) as to all Defendants.[4]  Plaintiff's remaining claims for monetary damages are DISMISSED WITH PREJUDICE as to all Defendants pursuant to Rule 12(b)(6). Plaintiff's Motion to Accept Notice of Other Parties as Amended Complaint (Doc. #47), which the Court has liberally construed as a request for leave to amend, is DENIED.  In addition, because the Court has dismissed all of Plaintiff's claims, the remaining pending motions in this action (Doc. #24; Doc. #27; Doc. #41; Doc. #46; Doc. #48; Doc. #51; Doc. #53; Doc. #56; Doc. #59) are DENIED as MOOT.

It is so ORDERED.

AUG 2 5 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[4] The Fifth Circuit has held that dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).